# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JOE CARADINE,

      Plaintiff,

v.                                                           Case No. 12-10614

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

_____/

## OPINION AND ORDER (1) OVERRULING DEFENDANT'S OBJECTIONS; (2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; (3) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; (4) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND (5) REMANDING THE CASE TO THE COMMISSIONER

Plaintiff Joe Caradine appeals from Defendant Commissioner of Social Security's denial of disability insurance benefits and supplemental security income. Magistrate Judge Mark A. Randon ("MJ") issued a Report and Recommendation ("R&R") advising the court to deny Defendant's motion for summary judgment, grant Plaintiff's motion for summary judgment, and remand the case to the Commissioner. Defendant timely filed objections to the R&R to which Plaintiff responded. After reviewing the R&R and the parties' briefs, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below and in the well-reasoned R&R, the court will overrule Defendant's objections, adopt the R&R, and remand the case to the Commissioner.

## I. STANDARD

### A. Timely Objections and *De Novo* Review

The filing of timely objections to an R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part.  28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," *Thomas v. Arn,* 474 U.S. 140, 147 (1985).  As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

### B. Substantial Evidence Standard

In a social security case, the court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009)

(quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g).  When, as here, the Appeals Council declines review of a plaintiff's claim, "the decision of the ALJ becomes the final decision of the [Commissioner]." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993).

The court's review of the record for substantial evidence is quite deferential to the ALJ.  "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Pittsburgh & Conneaut Dock Co. v. Dir., Office of Workers' Comp. Programs*, 473 F.3d 253, 259 (6th Cir. 2007), "even if that evidence could support a decision the other way," *Casey*, 987 F.2d at 1233.  Moreover, the court bases its review on the entire administrative record, not just what the ALJ cited.  *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001).  "Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## II. DISCUSSION

### A. Objection One

Defendant objects to the MJ's finding that the ALJ unreasonably discredited Plaintiff's testimony regarding the side effects of Plaintiff's medication and other non-medical evidence.  When conducting a credibility determination, the ALJ is required to analyze the factors listed in 20 CFR § 404.1529(c)(3), including:

3

(i) Your daily activities;

(ii) The location, duration, frequency and intensity of your pain and other symptoms;

(iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms.

Under SSR 96-8p:

The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).

In all cases in which symptoms, such as pain, are alleged, the RFC assessment must:

Contain a thorough discussion and analysis of the objective medical and other evidence, including the individual's complaints of pain and other symptoms and the adjudicator's personal observations, if appropriate;

Include a resolution of any inconsistencies in the evidence as a whole; and

Set forth a logical explanation of the effects of the symptoms, including pain, on the individual's ability to work.

Plaintiff took various medications between September 2010 and May 2011, including Omeprazole, Isentress, Bactrim, Diflucan, Truvada, Wellbutrin, Remeron, and Raltegravir, (Tr. 306, 315, 323, 384), and alleged symptoms consistent with the side effects of those medications.  However, the ALJ conducted a minimal analysis of Plaintiff's medication and symptoms, making only two statements:

(1) Given the claimant's allegations of totally disabling symptoms, one might expect to see some indication in the treatment records of restrictions placed on the claimant by the treating doctor.  Yet a review of the record in this case reveals no restrictions by the treating doctor.

(2) On July 8, 2011, the claimant admitted that Remeron was helping him sleep.

4

(Tr. 28-29.)

Defendant argues that the ALJ's analysis was sufficient.  The ALJ noted that Plaintiff's treating doctor did not place any physical restrictions on Plaintiff after prescribing the medications.  "[A] lack of physical restrictions constitutes substantial evidence for a finding of non-disability."  *Maher v. Sec'y of Health & Human Servs.*, 898 F.2d 1106, 1109 (6th Cir. 1989).  The ALJ also cited other evidence to suggest that Plaintiff was exaggerating his symptoms.  For example, the ALJ discussed a doctor's observations that, even though Plaintiff complained of lower back pain limiting his range of motion, Plaintiff was able to climb onto an examination table without a stool and remove and put back on his socks and shoes.  (Tr. 27.)

The court agrees with the MJ that the ALJ did not adequately support his credibility determination.  While the ALJ acknowledged some evidence which discredited Plaintiff's testimony, the ALJ's remarks do not constitute a "thorough discussion and analysis" of Plaintiff's symptoms and medicinal side effects. Defendant's first objection is overruled.

## A. Objection Two

Defendant objects to the MJ's finding that the ALJ did not thoroughly analyze whether Plaintiff's HIV infection met or medically equaled Listing 14.08 at Step Three. Defendant argues that Plaintiff only contested the ALJ's analysis of Listing 14.08B, but did not assert that the ALJ should have considered the other ailments in Listing 14.08. Defendant avers that the MJ's recommendation to remand the case to the ALJ to determine whether Plaintiff's impairments satisfy Listing 14.08A-K erroneously shifts to this court Plaintiff's burden to show that he meets a listed impairment.

A claimant, through Step Four, "bears the burden of proving the existence and severity of limitations caused by her impairments." *Jones v. Comm'r of Soc. Sec'y*, 336 F.3d 469, 474 (6th Cir. 2003).  Contrary to Defendant's assertion, Plaintiff does not limit his complaint of the ALJ's analysis to only 14.08B.  Instead, Plaintiff claims that he "would meet and/or exceed listing 14.08" if the ALJ had conducted a thorough analysis. (Pl.'s Mot. Summ. J. at 14-15, Dkt. # 10.)  "When considering presumptive disability at Step Three, an ALJ must analyze the claimant's impairments in relation to the Listed Impairments and must give a reasoned explanation of his findings and conclusions in order to facilitate meaningful review." *Christephore v. Comm'r of Soc. Sec.*, No. 11-13547, 2012 WL 2274328, at *6 (E.D. Mich. June 18, 2012) (citing *Reynolds v. Comm'r of Soc. Sec'y*, 424 F. App'x 411, 416 (6th Cir. 2011)).  The ALJ is required to explain the reasons for his decisions.  *Christephore*, 2012 WL 2274328 at *6 (citing 5 U.S.C. § 557(c); 20 C.F.R. § 404.953)).  While the ALJ conducted a sufficient review of Listing 14.08B, he failed to thoroughly analyze Listing 14.08 by not discussing whether Plaintiff's HIV infection satisfies the other ailments in Listing 14.08.

The MJ recommended that the case be remanded to the ALJ to explain whether Plaintiff's impairments satisfies Listing 14.08A-K.  Defendant argues that remand is inappropriate because it would simply require the ALJ to repeat his Step Four and Five analyses at Step Three.[1]  When the ALJ fails to conduct a thorough Step Three analysis, the proper course is to remand the case to the ALJ for a complete analysis.

---

[1]In lieu of any substantive comment responding to Defendant's second objection, Plaintiff provided merely a few flippant remarks.  Such a refusal to assist the court in its review is not to be encouraged; indeed it should be taken into account if a time arrives for calculation of fees.

*Christephore*, 2012 WL 2274328, at *9-10.  The court overrules Defendant's objection

and will remand the case to the ALJ.

### III. CONCLUSION

Accordingly, IT IS ORDERED that Defendant's objections [Dkt. # 16] are

OVERRULED and the Magistrate Judge's report and recommendation [Dkt. # 15] is

ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment [Dkt.

# 10] is GRANTED and Defendant's motion for summary judgment [Dkt. # 13] is

DENIED.

Finally, IT IS ORDERED that the case is REMANDED to the Commissioner.  The

ALJ must: (1) thoroughly discuss Plaintiff's symptoms, including the side effects of his

medication and any other non-medical evidence, in compliance with 20 CFR § 404-

1529(c)(3) and SSR 96-8p; and (2) explain whether Plaintiff's impairments satisfy

Listing 14.08A-K.

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  January 31, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on
this date, January 31, 2013, by electronic and/or ordinary mail.

      s/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522