UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOE W. CARADINE IV,

       Plaintiff,                      CIVIL ACTION NO. 12-10614

                                      DISTRICT JUDGE ROBERT H. CLELAND

       v.                            MAGISTRATE JUDGE MARK A. RANDON

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR ATTORNEY FEES

### I.   INTRODUCTION

This is a Social Security action brought under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3), seeking judicial review of the Commissioner's decision to deny disability benefits. On January 11, 2013, this Magistrate Judge recommended that: (1) Plaintiff's motion for summary judgment be granted; (2) Defendant's motion for summary judgment be denied; and (3) the case be remanded for further proceedings.  (Dkt. No. 15).  District Judge Robert H. Cleland adopted the recommendation on January 31, 2013 (Dkt. No. 18).

This matter is before the Court on Plaintiff's motion requesting an award of $3,062.50 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  (Dkt. No. 20). Defendant responded (Dkt. No. 22) and Judge Cleland referred the motion to this Magistrate Judge (Dkt. No. 23).

Because the Commissioner's position was substantially justified, **IT IS RECOMMENDED** that Plaintiff's motion be **DENIED**.[1]

## II. ANALYSIS

Pursuant to the EAJA, the prevailing party in an action seeking judicial review of the Commissioner's decision to deny disability benefits may apply for an award of fees and costs incurred in bringing the action. *See* 28 U.S.C. § 2412(d)(1)(A). Fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." *Id.*

The burden rests with the Commissioner to establish that its position was substantially justified. *See Sec'y, United States Dep't of Labor v. Jackson County Hosp.*, 2000 WL 658843 at *3 (6th Cir. May 10, 2000) (citation omitted). However, the fact that the Commissioner's decision was found to be supported by less than substantial evidence "does not mean that it was not substantially justified." *Bates v. Callahan*, 1997 WL 588831 at *1 (6th Cir. Sept. 22, 1997); *see also Couch v. Sec'y of HHS*, 749 F.2d 359, 359 (6th Cir. 1984). "The government's position under the EAJA is substantially justified if it is 'justified to a degree that could satisfy a reasonable person.'" *Alonso v. Comm'r of Soc. Sec.*, 2012 WL 5949719 at *1 (W.D. Mich. Nov. 7, 2012) (quoting *United States v. Real Property Located at 2323 Charms Road*, 946 F.2d 437, 440 (6th Cir. 1991)). In other words, it must have a reasonable basis in law and fact. *Id.* The Commissioner's position may not be substantially justified if the ALJ's decision is "clearly

---

[1] A Magistrate Judge may not hear and determine a post-judgment motion for fees, because it is not a "pretrial matter," and it is considered "dispositive of a claim." Therefore, this Magistrate Judge proceeds by Report & Recommendation under 28 U.S.C. § 636(b)(1)(B). *See Massey v. City of Ferndale*, 7 F.3d 506, 509-510 (6th Cir. 1993).

erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Anderson v. Comm'r of Soc. Sec.*, 1999 WL 1045072 at *4 (6th Cir. Nov. 12, 1999) (quoting *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985)). "The issue, when considering the award of attorney's fees to a prevailing part under the EAJA, is not whether the ALJ gave adequate articulation for his findings, but whether the Commissioner was justified in supporting the ALJ's decision to deny benefits based on the record." *Anderson*, 1999 WL 1045072 at *4.

Plaintiff obtained a sentence-four remand because the ALJ failed to: (1) thoroughly discuss the credibility of Plaintiff's symptoms, including the side effects of his medication; and (2) analyze whether Plaintiff's impairments met listing 14.08A-K.[2] The ALJ's failure to adequately articulate the evidence does not mean the Commissioner's position was not substantially justified. *See Stein v. Sullivan*, 966 F.2d 317, 319-20 (7th Cir. 1992). And, after reviewing the record, this Magistrate Judge finds the Commissioner had a rational ground for defending the denial of benefits, even though the ALJ's opinion was not sufficiently explicit. A reasonable person could find that the Commissioner was justified in its contentions that there was no objective medical evidence to support Plaintiff's allegations of debilitating medicinal side effects and that the ALJ's discussion of listing 14.08 was adequate. This Magistrate Judge's recommendation found that: (1) the hypothetical question used by the ALJ was supported by substantial evidence; (2) a more thorough discussion of Plaintiff's symptoms, including the side effects of his medication was required; (3) the ALJ adequately analyzed whether Plaintiff's

---

[2]It was noted that further analysis of listing 14.08 may not change the ALJ's decision (Dkt. No. 15 at 20).

impairments satisfied listing 14.08B2; and (4) the ALJ did not properly discuss whether Plaintiff's HIV infection satisfied listing 14.08A-K.  Thus, while the ALJ erred by failing to sufficiently articulate his decision, the Commissioner's positions were reasonably based in law and fact.[3]

### III.    CONCLUSION

Because the Commissioner's position was substantially justified, **IT IS RECOMMENDED** that Plaintiff's motion be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise  response  proportionate to the objections in length and complexity.  *See* Fed. R. Civ. P.

---

[3] The Commissioner also argues that special circumstances make an award unjust.  This Magistrate Judge need not address that argument, because dismissal is recommended on other grounds.

72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

                                           S/Mark A. Randon
                                           MARK A. RANDON
                                           UNITED STATES MAGISTRATE JUDGE

Dated: April 11, 2013

### CERTIFICATE OF SERVICE

*I hereby certify that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 11, 2013.*

                                           *S/Eddrey Butts*
                                           *Acting Case Manager to Magistrate Judge Mark A. Randon*