**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOE CARADINE,

    Plaintiff,

v.                                                Case No. 12-10614

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

                                                   /

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTION;
(2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION;
AND (3) DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

An administrative law judge ("ALJ") denied Plaintiff Joe Caradine disability and disability insurance benefits as well as supplemental security income. Plaintiff challenged the ALJ's ruling. The court granted summary judgment in favor of Plaintiff and remanded the case for further proceedings. Plaintiff now moves for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. The magistrate judge issued a Report and Recommendation ("R&R") which advises the court to deny the motion. Plaintiff timely filed an objection to the R&R, and Defendant responded. After reviewing the R&R and the parties' briefs, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons explained below and in the R&R, the court will deny Plaintiff's motion for attorney's fees because the Commissioner was substantially justified in supporting the ALJ's decision.

# I. STANDARD

## A. Timely Objections and *De Novo* Review

The filing of timely objections to an R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute," *Thomas v. Arn,* 474 U.S. 140, 147 (1985). As a result, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

## B. The Equal Access to Justice Act and "Substantial Justification"

The Equal Access to Justice Act, 28 U.S.C. § 2412, ("EAJA") states in relevant part that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses

> . . . incurred by that party in any civil action brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d). Claimants seeking attorney's fees under the EAJA must meet three criteria: "(1) the claimant must be the prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances which would warrant a denial of fees." *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 2001).

A decision has "substantial justification" when it is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). A "position can be justified even though it is not correct, and . . . it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *United States v. Real Prop. Located at 2323 Charms Rd.*, 946 F.2d 437, 440 (6th Cir. 1991).

The government entity opposing payment of attorney's fees has the burden of demonstrating substantial justification. *E.W. Grobbel Sons, Inc., v. N.L.R.B.*, 176 F.3d 875, 878 (6th Cir. 1999). The mere fact that a court remands an ALJ decision for further consideration is not independently sufficient to establish that the Commissioner acted without substantial justification. *See Diebert v. Comm'r of Soc. Sec.*, No. 1:06-cv-612, 2008 WL 1901213, at *3 (W.D. Mich. Apr. 25, 2008). The government's position may not be substantially justified if the ALJ's decision is "clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985).

The court must assess only the Commissioner's actions. "The issue, when considering an award of attorney's fees to a prevailing party under the EAJA, is not whether the ALJ gave adequate articulation for his findings, but whether the Commissioner was justified in supporting the ALJ's decision to deny benefits based on the record." *Anderson v. Comm'r of Soc. Sec.,* No. 98-6284, 1999 WL 1045072, at *5 (6th Cir. Nov. 12, 1999).

## II. DISCUSSION

On January 31, 2013, the court remanded Plaintiff's claim for further proceedings at the administrative level. (Dkt. # 18.) The court found two defects in the ALJ's ruling which necessitated remand. First, the ALJ failed to provide a sufficiently thorough analysis of Plaintiff's subjective pain symptoms. Second, the ALJ's ruling did not fully analyze whether Plaintiff's HIV symptoms qualified as a listed impairment at step three.

Plaintiff objects to the magistrate judge's finding that the Commissioner was "substantially justified" in supporting the ALJ's rulings. Specifically, Plaintiff alleges that "the decision by the ALJ did not have basis in law." (Dkt. # 25 at Pg ID 538.) The two causes for remand must be analyzed separately to determine whether the Commissioner was substantially justified in supporting the ALJ's ruling.

### A. Residual Functional Capacity and Subjective Pain Analysis

The court found that the ALJ insufficiently discussed Plaintiff's complaint that the physical side effects from his HIV medications left him with a diminished residual functional capacity ("RFC"). Determinations regarding a claimant's RFC must satisfy statutory requirements for specificity. Under SSR 96-8p:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g.,

4

laboratory findings) and nonmedical evidence (e.g., daily activities, observations).

. . .

In all cases in which symptoms, such as pain, are alleged, the RFC assessment must:

Contain a thorough discussion and analysis of the objective medical and other evidence, including the individual's complaints of pain and other symptoms and the adjudicator's personal observations, if appropriate;

Include a resolution of any inconsistencies in the evidence as a whole; and

Set forth a logical explanation of the effects of the symptoms, including pain, on the individual's ability to work.

Plaintiff, during the relevant period, took various medications including Omeprazole, Isentress, Bactrim, Diflucan, Truvada, Wellbutrin, Remeron, and Raltegravir. (Tr. 306, 315, 323, 384.) As side effects of those medications, Plaintiff claimed that he had a weak bladder, worsening diarrheal episodes, headaches, constant fatigue, nausea, and that he needed to take regular naps. (Tr. 25-26, 29.) The ALJ did not provide an extended analysis of whether these symptoms were genuine side effects of Plaintiff's medications. Assessing Plaintiff's RFC, the ALJ concluded simply that "[g]iven [Plaintiff's] allegations of totally disabling symptoms, one might expect to see some indication in the treatment records of restrictions placed on [Plaintiff] by the treating doctor. Yet a review of the record in this case reveals no restrictions recommended by the treating doctor." (Tr. 28.)

The court found that the ALJ's discussion was insufficient to satisfy the SSR 96-8p standard because the analysis was conclusory in nature and failed to

5

provide a narrative discussion of Plaintiff's condition. However, the court did not opine that the ALJ's analysis was not substantially justified. Indeed, the record provides evidence to support the ALJ's decision that Plaintiff did not have a diminished RFC from drug side effects.

A claimant asserting debilitating medicinal side effects must present objective medical evidence to support his claim. *See Farhat v. Sec'y of Health & Human Servs.*, No. 91-1925, 972 F.2d 347, at *3 (6th Cir. July 24, 1992) (table) (citing *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 852 (6th Cir. 1986)). Plaintiff's apparent symptoms were not supported by objective medical evidence. The ALJ noted that Plaintiff's treating doctor did not place any physical restrictions on Plaintiff after prescribing the medications. (Tr. 28.) "[A] lack of physical restrictions constitutes substantial evidence for a finding of non-disability." *Maher v. Sec'y of Health & Human Servs.*, 898 F.2d 1106, 1109 (6th Cir. 1989). Nor has Plaintiff pointed to any objective medical evidence to support his assertion that the side effects of his medication have diminished his RFC. In addition, the ALJ correctly notes that Plaintiff's claims were contradicted in some parts by the medical evidence. (Tr. 30.) For example, while Plaintiff complained of severe diarrhea and nausea, his doctors listed him as negative for these maladies in three visits from October 2010 to March 2011. (Tr. 313, 316, 321.)

Other evidence suggests that Plaintiff may have exaggerated his symptoms. Credibility determinations rest with the ALJ. *See Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). The ALJ discussed a doctor's observations that, even though Plaintiff complained of lower back pain limiting his range of motion,

Plaintiff was able to climb onto an examination table without a stool and remove and put back on his socks and shoes. (Tr. 27.) At the same interview, Plaintiff was also observed being able to ascend several stairs to the examination room without assistance. *Id*. Furthermore, Plaintiff did not fully comply with his doctors' prescribed treatments for depression, (Tr. 29), which, as the ALJ noted, "suggests that his symptoms are not as bad as stated, as he is willing to forego recommended treatment." *Id*.

While Plaintiff was entitled to a more thorough discussion and analysis, attorney's fees are not granted when a reasonable person could think that the Commissioner's decision to support the ALJ's ruling was reasonably based in law and fact. The ALJ's analysis and the evidence in the record provide such a reasonable basis. Accordingly, the Commissioner was substantially justified in supporting the ALJ's RFC determination.

### B. HIV Symptoms Satisfying a Listed Impairment

The court determined that the ALJ, while analyzing Plaintiff's HIV symptoms, did not sufficiently evaluate whether Plaintiff's HIV symptoms qualified as a listed impairment at step three. In a step three analysis, "an ALJ must analyze the claimant's impairments in relation to the Listed Impairments and must give a reasoned explanation of his findings and conclusions in order to facilitate meaningful review." *Christephore v. Comm'r of Soc. Sec.*, No. 11-13547, 2012 WL 2274328, at *6 (E.D. Mich. June 18, 2012) (citing *Reynolds v. Comm'r of Soc. Sec'y*, 424 F. App'x 411, 416 (6th Cir. 2011)).

7

Listed impairments related to HIV are contained in Listing 14.08.  The ALJ did not analyze 14.08, but instead stated:

> [Plaintiff's] attorney asserts that [Plaintiff] meets listing 14.08 due to his low T cell counts [sic]; numerous thrush infections, along with numerous rashes and lesions.  I have considered [the attorney's] argument, but find that [Plaintiff] has received treatment for the allegedly disabling impairment(s), and that treatment has been essentially routine and/or conservative in nature, and that the very specific criteria of the listing are not met.

(Tr. 30.)  The court remanded the case and instructed the ALJ to discuss whether Plaintiff's impairments satisfied any subparts of Listing 14.08.  However, the Commissioner was substantially justified in defending the ALJ's decision that Plaintiff's HIV symptoms did not qualify as a listed impairment.

The Commissioner was substantially justified in supporting the ALJ's decision for Listing 14.08A-J.  Plaintiff had recurring episodes of candidiasis, a fungal infection listed in 14.08B.  (Tr 23.)  However, Plaintiff did not satisfy Listing 14.08B because his oral candidiasis was not located on one of the requisite areas of his body.  (Tr. 23.)  Thus, the ALJ had substantial evidence to conclude that Plaintiff's HIV symptoms did not satisfy Listing 14.08B.  (Dkt. # 15 at Pg ID 482-84.)  The ALJ noted also that it had considered and rejected all other listings, (Tr. 23), and an ALJ is not required to spell out every consideration that influences his step three analysis.  *See Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006).  Furthermore, Plaintiff has not presented any evidence to suggest that he satisfies Listing 14.08A-J.  As this is not a situation where "proof of disability is overwhelming, or proof of disability is strong and

8

evidence to the contrary is lacking," *Mowery*, 771 F.2d at 973, the Commissioner was substantially justified in concluding that Plaintiff did not satisfy Listing 14.08A-J.

The Commissioner was also substantially justified in supporting the ALJ's determination for Listing 14.08K. Under Listing 14.08K, HIV symptoms that do not otherwise meet the Listing requirements satisfy step three when they:

> [R]esult in significant, documented symptoms or signs (for example, severe fatigue, fever, malaise, involuntary weight loss, pain, night sweats, nausea, vomiting, headaches, or insomnia) and one of the following at the marked level:
>
> 1. Limitation of activities of daily living.
>
> 2. Limitation in maintaining social functioning.
>
> 3. Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

The ALJ analyzed whether Plaintiff has a functional area impairment at a marked level. In considering Plaintiff's daily living activities, the ALJ found that Plaintiff prepares his own meals, does his own laundry, and uses public transportation. (Tr. 23.) Analyzing Plaintiff's social functioning abilities, the ALJ noted that Plaintiff talks to family members several times per week. *Id*. With regard to concentration, persistence, and pace, the ALJ noted that Plaintiff "admits he is able to handle his finances without difficulties." *Id*. Additionally, Plaintiff can follow oral and written instructions without serious difficulty. *Id*. Based on these evaluations, the ALJ determined that Plaintiff did not have any functional area impairments at a marked level. (Tr. 24.)

Because Plaintiff was not found to have a marked level functional area impairment, the ALJ's ruling strongly suggests that Plaintiff's maladies would not satisfy

Listing 14.08K. As the magistrate judge noted in the R&R advising that the case be remanded:

> A discussion of Listing 14.08K may not change the ALJ's decision, because in analyzing Plaintiff's mental impairments, the ALJ did not find Plaintiff's daily living, social functioning, or deficiencies in concentration, persistence or pace were at the "marked" level. However, Plaintiff is entitled to a rationale for the ALJ's finding that his HIV does not meet or medically equal the Listings.

(Dkt. # 15 at Pg ID 484.) Thus, while the ALJ's report was deficient, the Commissioner was substantially justified in supporting the conclusion that Plaintiff's HIV symptoms did not qualify as a listed impairment at step three.

### III. CONCLUSION

The Commissioner was substantially justified in supporting the ALJ's decision. Therefore, Plaintiff is not entitled to attorney's fees.

Accordingly, IT IS ORDERED that Plaintiff's objection [Dkt. # 25] is OVERRULED and the magistrate judge's Report and Recommendation [Dkt. # 24] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Plaintiff's motion for attorney's fees [Dkt. # 20] is DENIED.

       s/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated: June 21, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 21, 2013, by electronic and/or ordinary mail.

                                                      s/Carolyn Ciesla for Lisa Wagner
                                                     Case Manager and Deputy Clerk
                                                     (313) 234-5522